KEVIN O'ROURKE
SOUTHWELL & O'ROURKE, P.S.
Attorneys at Law
960 Paulsen Center
W. 421 Riverside Avenue
Spokane, WA 99201
(509) 624-0159

UNITED STATES BANKRUPTCY COURT

IN AND FOR THE EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| In re:<br><br>**DANIEL EDWIN & COLETTE OPAL BRAMLETT,**<br><br>Debtor. | No.: **20-00029-FPC7**<br><br>Chapter **7** |
| **KEVIN D. O'ROURKE**, Trustee,<br><br>Plaintiff,<br><br>vs.<br><br>**THE 2017 MARK LAMB TRUST; JULIANNE (SARA) WILLIAMS-HESSEMAN, TRUSTEE; JULIANNE (SARA) WILLIAMS-HESSEMAN AND JOHN DOE WILLIAMS-HESSEMAN,** husband and wife; and **DANIEL EDWIN and COLETTE OPAL BRAMLETT, husband and wife,**<br><br>Defendants. | Adv. No.:<br><br>**COMPLAINT FOR TURNOVER OF PROPERTY OF THE ESTATE AND PROPERTY BY A CUSTODIAN PURSUANT TO 11 U.S.C. §§542, 543** |

Kevin D. O'Rourke, the Chapter 7 Trustee appointed herein, and Plaintiff in this adversary proceeding (hereinafter "Plaintiff"), by and through his undersigned attorney, Southwell & O'Rourke, P.S., in support of this Complaint seeking relief against Defendants The 2017 Mark Lamb Trust, Julianne (Sara) Williams-Hesseman, Trustee, Julianne (Sara) Williams-Hesseman and John Doe Williams-Hesseman, husband and wife, and Daniel

Complaint-1

**SOUTHWELL & O'ROURKE, P.S.**
A PROFESSIONAL SERVICE CORPORATION
**ATTORNEYS AT LAW**
SUITE 960, PAULSEN CENTER
WEST 421 RIVERSIDE AVENUE
SPOKANE, WASHINGTON 99201
TELEPHONE (509) 624-0159

20-80012-FPC    Doc 1    Filed 04/28/20    Entered 04/28/20 13:33:17    Pg 1 of 8

Edwin Bramlett and Colette Opal Bramlett, husband and wife (hereinafter each a "Defendant" and collectively "Defendants"), alleges as follows:

## I. PARTIES

1.1 On January 8, 2020, Debtors filed a Voluntary Petition in this court for relief pursuant to Chapter 7 of the Bankruptcy Code [*Main Case No. 20-00029-FPC7, ECF No. 1*].

1.2 The Plaintiff is the Chapter 7 Trustee appointed to the above-captioned Chapter 7 bankruptcy case.

1.3 Defendant Colette Opal Bramlett is a beneficiary of the The 2017 Mark Lamb Trust (the "Trust").

1.4 Defendant Julianne (Sara) Williams-Hesseman is the Trustee of the Trust.

1.5 Defendant Julianne (Sara) Williams-Hesseman received certain proceeds of sale of Trust property, a portion of which should be turned over to Plaintiff, pursuant to 11 U.S.C §§ 542 and 543, as further alleged herein. At all times material to this matter, Defendants Julianne (Sara) Williams-Hesseman and John Williams-Hesseman were wife and husband. All acts of either Defendants Julianne (Sara) Williams-Hesseman and John Williams-Hesseman were taken for the benefit of the martial community composed of Defendants Julianne (Sara) Williams-Hesseman and John Williams-Hesseman.

1.6 At all times material to this matter, Defendants were in possession of property of the estate, pursuant to 11 U.S.C. § 541, that is subject to turnover, pursuant to 11 U.S.C §§ 542 and 543, as alleged herein.

///

///

Complaint-2

**SOUTHWELL & O'ROURKE, P.S.**
A PROFESSIONAL SERVICE CORPORATION
**ATTORNEYS AT LAW**
SUITE 960, PAULSEN CENTER
WEST 421 RIVERSIDE AVENUE
SPOKANE, WASHINGTON 99201
TELEPHONE (509) 624-0159

20-80012-FPC    Doc 1    Filed 04/28/20    Entered 04/28/20 13:33:17    Pg 2 of 8

## II. JURISDICTION AND VENUE

2.1 The United States Bankruptcy Court for the Eastern District of Washington has jurisdiction over this adversary proceeding under 28 U.S.C. §§ 1334(a) and 1334(b), 157, and 11 U.S.C. § 105(a). This matter is a core proceeding under 28 U.S.C. §§ 157(b)(1) and (b)(2)(A), (I), (J), and (O). To the extent any of the claims presented are determined to be non-core, Plaintiff consents to the entry of final orders by the Bankruptcy Court.

2.2 The Bankruptcy Court has exclusive jurisdiction and absolute authority to determine what property is or becomes property of the estate, pursuant to 11 U.S.C. § 541, and to direct turnover of such property, pursuant to 11 U.S.C. §§542 and 543.

2.3 Property of this Chapter 7 estate consists of not only property vested in the Debtor, but also property recovered pursuant to 11 U.S.C. §§542 and 543.

2.4 Venue is proper in this Court under 28 U.S.C. § 1409(a).

## III. FACTUAL BACKGROUND

3.1 On January 8, 2020, Debtors filed a Voluntary Petition in this court for relief pursuant to Chapter 7 of the Bankruptcy Code [*Main Case No. 20-00029-FPC7, ECF No. 1*].

3.2 On line 25 of Schedule B of Debtors' Bankruptcy Schedules filed on January 8, 2020 (the "Bankruptcy Schedules"), the Debtors' listed as an asset "Beneficiary of 2017 Mark Lamb Trust," having an unknown value [*Main Case No. 20-00029-FPC7, ECF No. 1*]. In Schedule C of Debtors' Bankruptcy Schedules, Debtors claimed as exempt, pursuant to 11 U.S.C. § 541(c)(2), the 100% beneficial interest in the Trust [*Main Case No. 20-00029-FPC7, ECF No. 1*].

Complaint-3

**SOUTHWELL & O'ROURKE, P.S.**
A PROFESSIONAL SERVICE CORPORATION
**ATTORNEYS AT LAW**
SUITE 960, PAULSEN CENTER
WEST 421 RIVERSIDE AVENUE
SPOKANE, WASHINGTON 99201
TELEPHONE (509) 624-0159

20-80012-FPC    Doc 1    Filed 04/28/20    Entered 04/28/20 13:33:17    Pg 3 of 8

3.3     On February 21, 2020, Plaintiff as Trustee filed an Objection to Claim of Exemptions and Notice Thereof [*Main Case No. 20-00029-FPC7, ECF No. 28*].

3.4     On March 19, 2020, the court entered the Order Disallowing Claim of Exemptions [*Main Case No. 20-00029-FPC7, ECF No. 33*].

3.5     The Trust owned that real property commonly known as 5425 Dogtown Road, Coulterville, California (the "Real Property"). On or about April 1, 2020, the Trust sold the Real Property. On or about April 1, 2020, Inter-County Title Company, Tuolumne-Mariposa Division handled the closing of the Real Property, and disbursed the net proceeds of sale to Defendant Julianne (Sara) Hesseman in the approximate amount of One Hundred Eight-Five Thousand Eight Hundred Seventy and 78/100 Dollars ($185,870.78) (the "Sale Proceeds"). Plaintiff Trustee reasonably believes the Bankruptcy Estate has a one-quarter interest in the Sales Proceeds.

3.6     Plaintiff Trustee has made repeated requests for turnover, pursuant to 11 U.S.C. 11 U.S.C. §§542 and 543, of the Bankruptcy Estate's interest in the Sale Proceeds.

3.7     Despite repeated requests by Plaintiff Trustee for turnover, pursuant to 11 U.S.C. 11 U.S.C. §§542 and 543, of the Bankruptcy Estate's interest in the Sale Proceeds, Defendants, and each of them, have refused to turnover, pursuant to 11 U.S.C. 11 U.S.C. §§542 and 543, the Bankruptcy Estate's interest in the Sale Proceeds.

3.8     Defendants, and each of them, should be directed to turnover to Plaintiff, pursuant to 11 U.S.C. 11 U.S.C. §§542 and 543, the Bankruptcy Estate's interest in the Sale Proceeds in the sum of not less than Forty-Six Thousand Four Hundred Sixty-Seven and 70/100 Dollars ($46,467.70), and any other monies or property to which the Bankruptcy Estate would be entitled to from the Trust.

Complaint-4

**SOUTHWELL & O'ROURKE, P.S.**
A PROFESSIONAL SERVICE CORPORATION
ATTORNEYS AT LAW
SUITE 960, PAULSEN CENTER
WEST 421 RIVERSIDE AVENUE
SPOKANE, WASHINGTON 99201
TELEPHONE (509) 624-0159

20-80012-FPC    Doc 1    Filed 04/28/20    Entered 04/28/20 13:33:17    Pg 4 of 8

## IV. CAUSE OF ACTION –TURNOVER PURSUANT TO 11 U.S.C. §§542 and 543

4.1     Plaintiff adopts, incorporates by reference, and alleges herein all of the allegations set forth in paragraphs 1.1 through 3.8, as if fully set forth individually in this IV claim for relief.

4.2     On line 25 of Schedule B of Debtors' Bankruptcy Schedules the Debtors' listed as an asset "Beneficiary of 2017 Mark Lamb Trust," having an unknown value [*Main Case No. 20-00029-FPC7, ECF No. 1*]. In Schedule C of Debtors' Bankruptcy Schedules, Debtors claimed as exempt, pursuant to 11 U.S.C. § 541(c)(2), the 100% beneficial interest in the Trust [*Main Case No. 20-00029-FPC7, ECF No. 1*].

4.3     On February 21, 2020, Plaintiff as Trustee filed an Objection to Claim of Exemptions and Notice Thereof [*Main Case No. 20-00029-FPC7, ECF No. 28*].

4.4     On March 19, 2020, the court entered the Order Disallowing Claim of Exemptions [*Main Case No. 20-00029-FPC7, ECF No. 33*].

4.5     On or about April 1, 2020, the Trust sold the Real Property. On or about April 1, 2020, Inter-County Title Company, Tuolumne-Mariposa Division handled the closing of the Real Property, and disbursed to Defendant Julianne (Sara) Hesseman the Sale Proceeds. Plaintiff Trustee reasonably believes the Bankruptcy Estate has a one-quarter interest in the Sales Proceeds.

4.6     Plaintiff Trustee has made repeated requests for turnover, pursuant to 11 U.S.C. §§542 and 543, of the Bankruptcy Estate's interest in the Sale Proceeds.

4.7     Despite repeated requests by Plaintiff Trustee for turnover, pursuant to 11 U.S.C. §§542 and 543, of the Bankruptcy Estate's interest in the Sale Proceeds,

Complaint-5

**SOUTHWELL & O'ROURKE, P.S.**
A PROFESSIONAL SERVICE CORPORATION
**ATTORNEYS AT LAW**
SUITE 960, PAULSEN CENTER
WEST 421 RIVERSIDE AVENUE
SPOKANE, WASHINGTON 99201
TELEPHONE (509) 624-0159

20-80012-FPC    Doc 1    Filed 04/28/20    Entered 04/28/20 13:33:17    Pg 5 of 8

Defendants, and each of them, have refused to turnover, pursuant to 11 U.S.C. §§542 and 543, the Bankruptcy Estate's interest in the Sale Proceeds.

4.8 Defendants, and each of them, should be directed to turnover to Plaintiff, pursuant to 11 U.S.C. §§542 and 543, the Bankruptcy Estate's interest in the Sale Proceeds in the sum of not less than Forty-Six Thousand Four Hundred Sixty-Seven and 70/100 Dollars ($46,467.70), and any other monies or property to which the Bankruptcy Estate would be entitled to from the Trust, and account for such property.

4.9 To the extent Defendants, or any of them, are custodians of property of the estate, pursuant to 11 U.S.C. §543, Defendants, and each of them, should be directed not to make any disbursements from, or take any action in the administration of, property of the debtor, proceeds, product, offspring, rents, or profits of such property, or property of the estate, in the possession, custody, or control of such custodian, except such action is necessary to preserve such property, or except to the extent such property is turned over the Plaintiff.

4.10 To the extent Defendants, or any of them, are custodians of property of the estate, pursuant to 11 U.S.C. §543, Defendants, and each of them, should be directed to deliver to Plaintiff any property of the debtor held by or transferred to such custodian, or proceeds, product, offspring, rents, or profits of such property, that is in such custodian's possession, custody, or control on the date that such custodian acquires knowledge of the commencement of the case, and file an accounting of any property of the debtor, or proceeds, product, offspring, rents, or profits of such property, that, at any time, came into the possession, custody, or control of such custodian.

///

Complaint-6

**SOUTHWELL & O'ROURKE, P.S.**
A PROFESSIONAL SERVICE CORPORATION
**ATTORNEYS AT LAW**
SUITE 960, PAULSEN CENTER
WEST 421 RIVERSIDE AVENUE
SPOKANE, WASHINGTON 99201
TELEPHONE (509) 624-0159

20-80012-FPC    Doc 1    Filed 04/28/20    Entered 04/28/20 13:33:17    Pg 6 of 8

## V. PRAYER FOR RELIEF

**WHEREFORE,** the Plaintiff prays for an Order, and requests an entry of judgment against Defendants, and each of them, jointly and severely, as follows:

5.1     For a Judgment in favor of Plaintiff against Defendants, and each of them, jointly and severely, in the sum of not less than Forty-Six Thousand Four Hundred Sixty-Seven and 70/100 Dollars ($46,467.70).

5.2     For an order directing Defendants, and each of them, to turnover to Plaintiff, pursuant to 11 U.S.C. § 542, the Bankruptcy Estate's Interest in the Sales Proceeds in an amount not less than Forty-Six Thousand Four Hundred Sixty-Seven and 70/100 Dollars ($46,467.70), and any and all other property to which the Bankruptcy Estate maybe entitled to from the Trust, in the form a check payable to "Kevin O'Rourke, Trustee," and account for such property.

5.3     To the extent Defendants, or any of them, are custodians of property of the estate, pursuant to 11 U.S.C. §543, Defendants, and each of them, should be directed not to make any disbursements from, or take any action in the administration of, property of the debtor, proceeds, product, offspring, rents, or profits of such property, or property of the estate, in the possession, custody, or control of such custodian, except such action is necessary to preserve such property, or except to the extent such property is turned over the Plaintiff.

5.4     To the extent Defendants, or any of them, are custodians of property of the estate, pursuant to 11 U.S.C. §543, Defendants, and each of them, should be directed to deliver to Plaintiff any property of the debtor held by or transferred to such custodian, or proceeds, product, offspring, rents, or profits of such property, that is in such custodian's

Complaint-7

**SOUTHWELL & O'ROURKE, P.S.**
A PROFESSIONAL SERVICE CORPORATION
**ATTORNEYS AT LAW**
SUITE 960, PAULSEN CENTER
WEST 421 RIVERSIDE AVENUE
SPOKANE, WASHINGTON 99201
TELEPHONE (509) 624-0159

possession, custody, or control on the date that such custodian acquires knowledge of the commencement of the case, and file an accounting of any property of the debtor, or proceeds, product, offspring, rents, or profits of such property, that, at any time, came into the possession, custody, or control of such custodian.

5.5 For a list of all assets, debts, income, expenses, and an full and complete accounting of all receipts and disbursements by the Trust from February 7, 2017 to the date of the entry of the Order and Judgment.

5.6 For and award of attorney's fees and costs against Defendants, and each of them, jointly and severely, to the extent permitted by law.

5.7 For such other and further relief as the court deems proper and just under the premises.

DATED this 28th day of April, 2020.

SOUTHWELL & O'ROURKE, P.S.

BY: */s/ Kevin O'Rourke*
KEVIN O'ROURKE, WSBA #28912
Attorney for Plaintiff

Complaint-8

**SOUTHWELL & O'ROURKE, P.S.**
A PROFESSIONAL SERVICE CORPORATION
**ATTORNEYS AT LAW**
SUITE 960, PAULSEN CENTER
WEST 421 RIVERSIDE AVENUE
SPOKANE, WASHINGTON 99201
TELEPHONE (509) 624-0159

20-80012-FPC   Doc 1   Filed 04/28/20   Entered 04/28/20 13:33:17   Pg 8 of 8